# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 14th day of September, 2017.*

Erie Insurance Company,                                                                    Appellant,

against             Record No. 161172
Circuit Court No. CL16-206

McKinley Chiropractic Center, P.C.,                                                        Appellee.

> Upon an appeal from a judgment rendered by the Circuit Court of the City of Danville.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is reversible error in the judgment of the circuit court.

Devonta Dodson was involved in a motor vehicle collision with Joann Hutson, whom Erie Insurance Company ("Erie") insured with liability coverage under an automobile insurance policy. Seeking chiropractic care for injuries stemming from the collision, Dodson became a patient of McKinley Chiropractic Center, P.C. ("McKinley") and executed a document assigning to McKinley "all insurance and/or litigation proceeds to which Patient is now or may hereafter become entitled" and "any and all causes of action that Patient might have or that might exist in Patient[']s favor against such insurance company" to satisfy any debts Dodson owed to McKinley for chiropractic services. McKinley faxed to Erie a copy of the assignment shortly after McKinley began providing care to Dodson and again after treatment ended.

On a subsequent date, Dodson accepted $7,300 from Erie in return for Dodson's agreement to release both Hutson and Erie "of and from any and all causes of action, suits, rights, judgments, claims and demands of whatsoever kind . . . which I/we now have or may hereafter have, especially the claimed legal liability of releasee(s) arising . . . out of the [motor vehicle] accident."

McKinley later filed a warrant in debt against Erie and obtained judgment for the chiropractic services provided to Dodson. On appeal from the general district court, the circuit court held that McKinley was entitled to judgment against Erie because Erie had received notice

of the assignment and "fail[ed] to honor" the assignment when it paid the settlement monies directly to Dodson. Erie now appeals, arguing that as a matter of law McKinley did not have a right to sue Erie. We agree.

Code § 8.01-13 provides that "[t]he assignee or beneficial owner of any bond, note, writing or other chose in action, not negotiable may maintain thereon in his own name any action which the original obligee, payee, or contracting party might have brought." The circuit court made no express ruling regarding the nature of the obligation of Erie to Dodson on which McKinley, as Dodson's assignee, was permitted to maintain in its own name the warrant in debt. However, we find that no such obligation existed.

An injured party possesses no right to recover tort damages from the tortfeasor's insurer until reducing to a judgment his claim against the tortfeasor. *United Servs. Auto. Ass'n v. Nationwide Mut. Ins.*, 218 Va. 861, 867, 241 S.E.2d 784, 788 (1978); *see* Code § 8.01-5(B) (barring joinder of a party's insurance company solely on account of the existence of an insurance policy or liability-insurance contract benefiting the party). Dodson never obtained a judgment against Hutson, and thus no right against Erie, Hutson's insurer, could have sprung into existence. Moreover, Dodson then relinquished all existing and future rights to recover tort damages from Hutson or Erie when he agreed to release them both from any claim in connection with the motor vehicle collision.

Thus, at no time did a right exist on which basis Dodson could have maintained an action against Erie, and in turn at no time did a right exist on which basis McKinley, as Dodson's assignee, could maintain an action in its own name against Erie. Code § 8.01-13. Accordingly, we reverse the judgment of the Circuit Court of the City of Danville and enter final judgment here for Erie Insurance Company.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk

2