**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1362**

JOSEPH EWEKA,

Plaintiff - Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:24-cv-02040-MSN-LRV)

Submitted:  July 29, 2025                                      Decided:  July 31, 2025

Before KING, WYNN, and BERNER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Joseph I. Eweka, Appellant Pro Se.  Alexander Spotswood de Witt, BUTLER SNOW LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph I. Eweka appeals the district court's order dismissing his complaint against State Farm Fire and Casualty Company for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Eweka filed suit in state court against his neighbors for damages caused by the tree bordering their respective properties.  Eweka then brought the instant complaint against his and his neighbors' insurance company, State Farm, in state court.  In the complaint, Eweka asserted that State Farm breached its fiduciary duty to him by defending his neighbors.  Eweka further claimed that State Farm is responsible for damage to his car because the company sent a tow truck that damaged his car when responding to a service call.  Finally, Eweka claimed that State Farm refused to give him information during the discovery process in his case against his neighbors, but did give his neighbors sensitive personal information about him without his consent.  State Farm removed the case to federal court based on diversity and federal question jurisdiction.  State Farm then filed a motion to dismiss Eweka's complaint under Fed. R. Civ. P. 12(b)(6).

The district court granted State Farm's motion.  In dismissing Eweka's complaint, the district court found that under Virginia state law, a plaintiff must first obtain a judgment against an insured tortfeasor before bringing a claim against the tortfeasor's insurer.  *See Erie Ins. Co. v. McKinley Chiropractic Ctr., P.C.*, 803 S.E.2d 741, 742 (Va. 2017).  The district court denied Eweka's request for leave to amend his complaint, explaining that amendment would be futile given the ongoing litigation against the neighbors.  On appeal, Eweka argues that the district court erred in dismissing his case with prejudice rather than remanding the case back to the state court.  Eweka concedes that he has not received a

judgment against the neighbors, and argues that his case against the neighbors is distinct from the instant case against State Farm.

We have reviewed Eweka's complaint, and while his claims against the neighbors and State Farm overlap, there are some claims that are solely asserted against State Farm. For example, Eweka claimed that State Farm breached its fiduciary duty to him as a customer by damaging his property and refusing to repair the damage to his car caused by the tow truck State Farm hired, and by releasing his personal information to his neighbors without his consent. Therefore, while the court properly dismissed some of Eweka's claims under the state law rule, the court failed to parse the claims asserted against State Farm alone and determine whether those claims stated valid claims.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.[*] We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument will not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion regarding the merits of any claims asserted solely against State Farm.